UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

STEVEN CRAIG GARFIELD,

  Plaintiff,

  v.

CATHY JEZMANS,

  Defendant.

Case No. 6:26-cv-00360-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

 Self-represented Plaintiff Steven Craig Garfield ("Garfield") filed a complaint against Defendants Cathy Jenman ("Jenman") and Amy McKinney ("McKinney"). [1] ECF No. 1. Before the Court is Garfield's application to proceed in forma pauperis ("IFP"), ECF No. 2, and Motion for Appointment of Counsel, ECF No. 3. The Court grants Garfield's application to proceed IFP but finds that his claims fail. For the reasons below, this case is dismissed with leave to amend.

---

[1] Plaintiff only names Cathy Jezmans in the case caption but also identifies Amy McKinney as a defendant. Compl. 2, 3; Civil Cover Sheet 1, ECF No. 1-1. Considering the exhibits attached with Garfield's Complaint, his references to "Cathy Jezmans," "Cathy McKinney," "Cathy Jizmans," and "Cathy Jenmans" all refer to Cathy Jenman, the grandmother of his "friend/girlfriend," who owned a house where he lived. *E.g.*, ECF No. 1-2 at 1, 3, 8, 10, 13. Amy McKinney is the mother of Garfield's friend/girlfriend. *Id.* at 2.

Page 1 — OPINION AND ORDER

**DISCUSSION**

I.      **IFP Application**

A review of Garfield's IFP application reveals he is unable to afford the costs of this litigation. *See* ECF No. 2. The application is granted.

II.     **Mandatory Screening**

A.      **Standards**

Congress established that when a complaint is filed *in forma pauperis*, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding in forma pauperis raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and in forma pauperis.").

B.      **Analysis**

Garfield brings civil rights claims, alleging Jenman discriminated against him in subjecting him to poor living conditions and evicting him. Compl. 4, ECF No. 1. Jenman and Amy McKinney lived on the same property as Garfield. ECF No. 1-2 at 3. Garfield alleges that

that Jenman and McKinney subjected him to poor living conditions, barred his use of a toilet and shower, messed with his mail, and evicted him because he is a black man. Compl. 2; ECF 1-2, at 3. Garfield, invoking federal question jurisdiction, does not identify any cause of action in the Complaint but claims Jenman and McKinney violated his civil rights. Compl. 3. The two most analogous civil rights causes of action are found in 42 U.S.C. § 1983 ("Section 1983") and the Fair Housing Act, 42 U.S.C. § 3604.

### 1.    Claim Preclusion

Claim preclusion, or res judicata, generally prohibits a plaintiff from re-litigating claims that have been brought or could have been brought in a previous action. Restatement (Second) of Judgments § 24(1). Federal courts apply state preclusion law. *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985). In Oregon, claim preclusion bars claims that proceeded to final judgment in earlier litigation, involved the same parties and factual transaction, seeks additional remedies, and could have been joined in the first action. *Handam v. Wilsonville Holiday Partners, LLC*, 221 Or. App. 493, 498 (2008); *Lucas v. Lake County*, 253 Or. App. 39, 53-54 (2012). The court considers "whether the facts are related in time, space, origin, or motivation and whether they form a convenient trial unit." *Lucas*, 253 Or. App. at 54 (cleaned up). The claim need not actually be raised in the previous action. *Hamdam*, 221 Or. App. at 498. Claim preclusion reaches people that are in privity with parties to the prior proceeding, meaning the relationship between the person and the party to the prior proceeding is sufficiently close to make preclusion fair. *Bloomfield v. Weakland*, 339 Or. 504, 511 (2005).

Garfield's complaint contains exhibits[2] from an eviction proceeding in Lane County Circuit Court.[3] In that proceeding, Jenman filed an eviction complaint to have Garfield removed from the same property at issue here. Residential Eviction Complaint, *Jenman v. Garfield*, No. 24LT00540 (Lane Cnty. Cir. Ct., Jan 8, 2024). In his answer, Garfield asserted the same claim for which he now seeks relief, namely, that Jenman made him live below his means and that Jenman evicted him because he was black. Answer to Residential Eviction, *Jenman v. Garfield*, No. 24LT00540 (Lane Cnty. Cir. Ct., Jan. 19, 2024). The Lane County Circuit Court entered final judgment against Garfield in that case. Landlord Tenant Eviction Judgment, *Jenman v. Garfield*, No. 24LT00540 (Lane Cnty. Cir. Ct., Feb. 1, 2024). Garfield moved for relief, again raising the same discrimination claims he now pursues. ECF No. 1-2, at 10, 14 (denying motion dated December 22, 2025). He sought relief against both Jenman and Amy McKinney for discrimination, messing with his mail, and making him live below his means. ECF No. 1-2 at 6-7. The Court denied his motion, finding "[Garfield] had a full chance to provide all evidence to the Court, and at a time contemporaneous with the claim. The matter has been fully litigated with an opportunity for all parties to provide their sides of the case to a judge" and that the motion was improperly served, untimely, and not supported by law. ECF No. 1-2 at 14, 18.

Garfield has therefore raised the claims he now asserts against Jenman in a prior eviction proceeding involving the same property at issue in this complaint. The records in that case show that while Amy McKinney was not a named party in the eviction proceeding, the facts underlying Garfield's claims against her in this Court are factually indistinguishable from those

---

[2] The Court may properly consider exhibits attached to the complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[3] The Court takes judicial notice of the documents on file in the Lane County Circuit Court because they are undisputed matters of public record. *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

adjudicated in the eviction proceeding. *Compare* Compl. 4 (alleging discrimination and poor living conditions) *with* ECF No. 1-2 at 7 (Garfield's claim to the Lane County Court that McKinney forced him "to live below his means" and violated his civil rights). McKinney's involvement in the eviction proceeding and Garfield's complaint here are sufficiently closely related such that McKinney was in privity with Garfield and Jenman in the eviction proceeding. Those claims proceeded to final judgment and were resolved against Garfield. The state court found specifically that the parties had fully litigated the issues. Claim preclusion prevents Garfield from seeking to re-litigate his claims against Jenman and McKinney here.

### 2.    The Rooker-Feldman Doctrine

To the extent Garfield seeks review of the eviction judgment entered against him, his claim is barred by the Rooker-Feldman doctrine. Under that doctrine, federal courts are precluded from reviewing state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In accordance with the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to review the Lane County Circuit Court's judgment evicting Garfield.

### 3.    Statute of Limitations

Garfield's complaint is also barred by the applicable statute of limitations. Garfield does not identify any cause of action in the Complaint but claims Jenman and McKinney violated civil rights laws. The two most analogous causes of action are found in Section 1983 and the Fair Housing Act. 42 U.S.C. §§ 1983, 3604. Each of these statutes contains a two-year statute of limitations, barring claims brought more than two years from the date of accrual. 42 U.S.C. § 3613(a)(1)(A) (setting a two-year limitations period for violations of the Fair Housing Act); *Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir. 1997) (stating Section 1983 claims use the limitations period provided by state personal injury law); Or. Rev. Stat. ("ORS") § 12.110(1)

(setting a two-year limitations period for personal injury). Section 1983 claims generally accrue on the date of the injury. *Plumeau*, 130 F.3d at 438. Fair Housing Act claims accrue on the "occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A).

The Lane County Circuit Court entered a judgment evicting Garfield from Jenman's residence on February 1, 2024. Landlord Tenant Eviction Judgment, *Jenman v. Garfield*, No. 24LT00540 (Lane Cnty. Cir. Ct., Feb. 1, 2024). The alleged discrimination occurred via the eviction and the living conditions prior to the eviction, meaning Garfield's claims accrued, at the latest, on February 1, 2024. Garfield did not file his complaint in this action until February 24, 2026, more than two years beyond the statute of limitations. His claims, as alleged, are therefore time barred.

4.    <u>Failure to State a Claim</u>

a)    Section 1983

To establish a violation of a federal constitutional right under Section 1983, a party must show "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Private persons generally do not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The complaint makes no allegation that Jenman or McKinney acted under color of state law and does not allege any facts from which this Court could make that determination. Garfield therefore fails to state a Section 1983 claim.

b)    The Fair Housing Act

The Fair Housing Act prevents discrimination on the basis of race and other protected classes in rental housing. 42 U.S.C. § 3604. Those provisions are inapplicable to single-family

homes rented by certain private individual owners and "rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner actually maintains and occupies one of such living quarters as his residence." 42 U.S.C. § 3603(b)(1)-(2). Garfield does not allege that anyone other than Jenman, McKinney, and Garfield's "friend/girlfriend" lived on the property. ECF No. 1-2 at 3. Garfield's allegations fail to state a claim under the Fair Housing Act because his allegations, assumed true, do not establish that the Fair Housing Act applies to Jenman and McKinney.

    5.  <u>Leave to Amend</u>

 "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Garfield's claims, as alleged, are barred by claim preclusion, the *Rooker-Feldman* doctrine, and the applicable statute of limitations. He also fails to state a claim under Section 1983 or the Fair Housing Act. Although it is unlikely that Garfield can cure the above deficiencies, the Court gives him leave to file an amended complaint.

## III. Appointment of Counsel

 Generally, there is no constitutional right to counsel in a civil case and a court may not "authorize the appointment of counsel to involuntary service." See *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent any person unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances

depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive, and both must be viewed together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The Court finds exceptional circumstances do not exist sufficient to justify appointment of counsel at this time. Garfield represents counsel is necessary because counsel would help him and offer insight. Mot. Appt. Pro Bono Counsel 1, ECF No. 3. As discussed above, Garfield's claims are likely barred. Although the legal issues involved are relatively complex, and counsel would aid Garfield's ability to articulate his claims, those considerations are outweighed by the deficiencies in his claims.

## CONCLUSION

For the reasons above, Garfield's Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. Garfield's Complaint (ECF No. 1) is DISMISSED with leave to amend. Any amended complaint is due within 30 days of this Opinion. Garfield's Motion for Appointment of Counsel (ECF No. 3) is DENIED.

DATED this 24th day of April 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 8 — OPINION AND ORDER